**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
JASON BROWN,

                                                           **COMPLAINT**

                         Plaintiff,                **JURY TRIAL**
                                                  **DEMANDED**

       -against-

THE CITY OF NEW YORK,  POLICE OFFICER
MICHAEL  GONZALEZ, ,  SERGEANT  VINCENT  D'AMBBROSIO  and  POLICE
OFFICER JOHN DOE,  in their individual and official capacities as employees
of the City of New York Police Department

                                       Defendants.
------------------------------------------------------------------------X

      The Plaintiff, Jason Brown, by his attorney, Paul V. Prestia, Esq., of The Prestia

Law Firm, P.L.L.C., alleges the following, upon information and belief for this Complaint:

<u>**NATURE OF THE ACTION**</u>

      1.     This is a civil rights action for money damages brought pursuant to 42

U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the

United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State

of New York, and the common law of the State of New York, against the City of New

York, and against New York City Police Officers Michael Gonzalez,  Vincent D'Ambrosio

and John Doe,   police officers of the City of New York, in their individual and official

capacities.  Plaintiff seeks compensatory and punitive damages, affirmative and equitable

relief, an award of attorneys' fees and costs, and such other relief as this Court deems

equitable and just.

## JURISDICTION

2.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4).  Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367.  Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

## VENUE

3.      Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because the events forming the basis of Plaintiff's Complaint occurred in that District.

## NOTICE OF CLAIM

4.      On June 14, 2012,  Plaintiff filed a Notice of Claim upon defendant City of New York, by delivering copies thereof to the person designated by law as a person to whom such claim may be served.

5.      The Notice of Claim was in writing, sworn to by Plaintiff, containing the name and address of the Plaintiff, and the name and address of Plaintiff's attorney.

6.      The Notice of Claim set out the nature of the claim, the time when, the place where, and manner by which the claim arose, and the damages and injuries claimed to have been sustained by Plaintiff.

7.      The City of New York has failed to adjust the claims within the statutory time period.

8.      This action is being commenced within one year and ninety days after the happening of the event upon which the claims are based. Plaintiff caused the Notice of Claim to be served upon Defendant the City of New York.

9.      A 50- H hearing of Plaintiff was conducted on August 14, 2012.

## PARTIES

10.     Plaintiff Jason Brown, (hereinafter, PLAINTIFF) is a citizen of the United States and was, at all times relevant hereto, residents of the State of New York, Kings County.

11.     Defendant Police Officers Michael Gonzalez, Vincent D'Ambrosio, and John Doe (hereinafter, GONZALEZ, D'AMBROSIO and JOHN DOE, respectively) we at all times relevant to this complaint a duly appointed and acting officers of the Police Department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

12.     Defendant City of New York is a Municipal Corporation duly incorporated and existing pursuant to the laws of the State of New York, pursuant to Section 431 of its Charter. The City of New York has established and maintains a Police Department as a constituent department or agency of the defendant.

13.     At all relevant times, the City of New York and its Police Department employed  the defendants.

14.     At all relevant times the Defendants GONZALEZ, D'AMBROSIO and JOHN DOE were a duly appointed and acting Police Officers of the New York City Police Department and was at all relevant times on duty on June 6, 2012.

15.     At all relevant times, Defendants GONZALEZ, D'AMBROSIO and JOHN DOE  were  acting under color of state law.

16.     At all relevant times, Defendants GONZALEZ, D'AMBROSIO and JOHN DOE were agents, servant and employee acting within the scope of their employment by defendant City of New York.

## FACTS

17.     On June 6, 2012, at approximately 12:05 a.m., Jason Brown (hereinafter"PLAINTIFF'), was riding his bicycle at or about Fenimore Ave. and Rogers St., Brooklyn, NY.

18.     At about that time defendant officers GONZALEZ, D'AMBROSIO and JOHN DOE approached PLAINTIFF and ordered him off his bike.

19.     Defendant GONZALEZ then ordered PLAINTIFF  to put his hands on the police car and began a pat- down of PLAINTIFF.

20.     During the aforementioned pat-down of PLAINTIFF,   Defendant GONZALEZ reached into the front of PLAINTIFF's pants.

21.     PLAINTIFF objected to same and Defendant D'AMBROSIO grabbed and turned PLAINTIFF's arm. Defendant D'AMBROSIO told PLAINTIFF he was under arrest.

22.    When PLAINTIFF asked why he was being arrested, Defendant AMBROSIO punched PLAINTIFF in the face.

23.    Defendants GONZALEZ, D'AMBROSIO and JOHN DOE began punching PLAINTIFF. PLAINTIFF fell to the ground and Defendants repeatedly struck and kicked PLAINTIFF about the body.

24.    Several more squad cars came to the scene. PLAINTIFF was handcuffed and taken to the 71st Precinct.

25.    At the 71st Precinct approximately eight police officers, including Defendant GONZALEZ, D'AMBROSIO and JOHN DOE, brought PLAINTIFF to the back of the precinct, Defendant D'AMBROSIO began choking PLAINTIFF while Defendants GONZALEZ and JOHN DOE pulled PLAINTIFF's pants and underwear down. Defendant GONZALEZ then lifted PLAINTIFF's testicles with his hands. During this time, female prisoners in the holding cells  observed what was what happening.

26.    PLAINTIFF was brought to Kings County Criminal Court on June 7, 2012 at approximately 12:00 am and charged with Resisting arrest and Riding a Bicycle on a sidewalk. PLAINTIFF was arraigned and released on his own recognizance.

27.    PLAINTIFF was in police custody for approximately twenty-four  hours.

28.    On June 7, 2012, PLAINTIFF  sought medical treatment for injuries he sustained to his head, left eye, back, neck and shoulders.

29.      PLAINTIFF returned to Kings County Criminal Court on six occasions thereafter. On April 30, 2012, PLAINTIFF was granted an Adjournment in Contemplation of Dismissal in this criminal matter.

30.      As a direct and proximate result of the malicious and outrageous conduct of Defendants GONZALEZ, D'AMBROSIO and JOHN DOE as set forth above, PLAINTIFF suffered injuries and damages including subconjunctivile  hemorage to the eye, pain and suffering about the body, emotional distress, and mental anguish. The full extent of the injuries and damages suffered by PLAINTIFF has yet to be determined.

## FIRST CAUSE OF ACTION

31.      PLAINTIFF incorporates by reference the allegations set forth in paragraphs 1 through 30 of this complaint as if fully set forth herein.

32.      The acts and negligence of the Defendant Officers, committed under color of law and under their authority as City of New York police officers, in falsely arresting, physically assaulting, verbally abusing, and unlawfully searching, seizing and imprisoning Plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to PLAINTIFF and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering to PLAINTIFF.  The aforesaid actions of the defendants were in violation of PLAINTIFF's constitutional rights to be free from unreasonable search and seizure of his person, to equal protection of the laws, and to not suffer deprivation of his liberty without due process of law, as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and in violation of 42 U.S.C. § 1983.

33.     As a consequence thereof, PLAINTIFF was injured and claims damages under 42 U.S.C. § 1983 for the above-referenced injuries.

## SECOND CAUSE OF ACTION

34.     PLAINTIFF incorporates by reference the allegations set forth in paragraphs 1 through 33 of this complaint as if fully set forth herein.

35.     The acts and negligence of the defendants, acting under color of law, in falsely arresting, physically assaulting, verbally abusing, and unlawfully searching, seizing and imprisoning PLAINTIFF, who is African-American, were motivated by racial animus, were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences of their acts, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering in violation of the Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1981.

36.     As a consequence thereof, PLAINTIFF has been injured, and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## THIRD CAUSE OF ACTION

37.     PLAINTIFF incorporates by reference the allegations set forth in paragraphs 1 through 36 of this complaint as if fully set forth herein.

38.     On information and belief, prior to and including June 6, 2012, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Plaintiff's rights.

39.     On information and belief, it was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York.

40.     On information and belief, it was the policy and/or custom of the City of New York and its Police Department to inadequately screen, hire, train, supervise and discipline its police officers, including the defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant officers to be in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff and otherwise cause him injury and violate his state and federal constitutional rights.

41.     On information and belief, the defendant officers have been the subject of prior civilian and departmental complaints that put, or should have put, the defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein.  Furthermore, the City of New York and its Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

42.     As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

43.     The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal

constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. § 1981.

44.     The conduct and negligence of the defendant City of New York and its Police Department were the direct and proximate cause of the injuries to PLAINTIFF .

45.     As a consequence thereof, Plaintiff has been injured and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

## FOURTH CAUSE OF ACTION

46.     PLAINTIFF incorporates by reference the allegations set forth in paragraphs 1 through 45 of this complaint as if fully set forth herein.

47.     The acts of the Defendants, acting under color of law, in arresting, physically assaulting, verbally abusing, seizing and imprisoning Plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiff, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering to i PLAINTIFF in violation of his rights to be free from unreasonable search and seizure, to equal protection of the laws, and to not be deprived of his liberty without due process of law, as guaranteed by Article I, Sections 6, 11, and 12 of the Constitution of the State of New York.

48.     As a consequence thereof, plaintiff has been injured and claims damages for the aforesaid injuries.

## FIFTH CAUSE OF ACTION

49.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through  48 of this complaint as if fully set forth herein.

50.     The acts of the Defendants, acting under color of law, in falsely arresting, physically assaulting, verbally abusing, and falsely imprisoning PLAINTIFF were motivated by racial animus, were done without lawful justification, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering to Plaintiff in violation of his right to not be discriminated against in his civil rights because of his race or color as guaranteed by Article I, Section 11 of the Constitution of the State of New York.

51.     As a consequence thereof, PLAINTIFF has been injured and  claims damages for the aforesaid injuries.

## SIXTH CAUSE OF ACTION

52.     PLAINTIFF incorporates by reference the allegations set forth in Paragraphs 1 through 51 of this complaint as if fully set forth herein.

53.     The conduct of the Defendants, acting under color of law, in falsely arresting, physically assaulting, verbally abusing, unlawfully seizing, falsely imprisoning, and falsely charging Plaintiff constituted the torts of assault, battery, trespass upon the person of Plaintiff, false arrest, false imprisonment, malicious prosecution, negligence, and intentional infliction of emotional distress under the laws of the State of New York.

54.     As a consequence thereof, PLAINTIFF has been injured and claims damages for the aforesaid injuries.

## SEVENTH CAUSE OF ACTION

55.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 54 of this complaint as if fully set forth herein.

56.     The failure of Defendant City of New York and the New York City Police Department to properly hire, screen, supervise and train Defendants GONZALEZ, AMBROSIO and JOHN DOE the tort of negligence.

57.     As a consequence thereof, PLAINTIFF has been injured and claims damages for the aforesaid injuries.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff's respectfully requests that judgment be entered as follows:

1.     A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, and to be free from the deprivation of liberty without due process of law as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution;

2.     A declaration that the defendants violated Plaintiff's rights to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens as guaranteed under 42 U.S.C. § 1981;

3.     A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, to not be discriminated against in his civil rights because of his race or color, and to be free from the

deprivation of liberty without due process of law as guaranteed under Article I, Sections 6, 11 and 12 of the New York State Constitution;

4.      Compensatory damages against all defendants in an amount to be determined by a jury;

5.      By reason of the wanton, willful and malicious character of the conduct complained of herein, exemplary and punitive damages against all defendants in an amount to be fixed at trial;

6.      An award to Plaintiff of the costs and disbursements herein;

7.      An award of attorney's fees under 42 U.S.C. § 1988;

8.      Such other and further relief as this Court may deem just and proper.


Dated:  September 30, 2013
        New York, New York


_____
PAUL V. PRESTIA, ESQ.
The Prestia Law Firm, P.L.L.C.
65 Broadway, Suite 716
New York, New York 10006
(212) 430-6313
Attorney for Plaintiff